IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAQUEL HIGGINS, )
 )
    Plaintiff, )
 )
  v. ) Civil Action No. 12-32
 )
MICHAEL J. ASTRUE, )
Commissioner of )
Social Security )
 )
    Defendant. )

AMBROSE, U.S. Senior District Judge

# OPINION AND ORDER

I. Synopsis

Plaintiff Raquel Higgins filed this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 1381-1383f. Pending before the Court are cross-motions for Summary Judgment. ECF Nos. [9] (Plaintiff) & [11] (Defendant). Both parties have filed Briefs in Support of their Motions. ECF Nos. [10] (Plaintiff) & [12] (Defendant). After careful consideration of the submissions of the parties, and based on my Opinion, as set forth below, I GRANT Defendant's Motion for Summary Judgment [11] and DENY Plaintiff's Motion for Summary Judgment [9].

II. Background

Plaintiff protectively filed an application for DIB and SSI on July 28, 2010. Pl.'s Br. 1. After a May 4, 2011 hearing, at which Plaintiff testified, on May 17, 2011, an Administrative

1

Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled under the Social Security Act. *Id.* Upon exhausting all of her administrative remedies thereafter, Plaintiff filed this action. As the parties have filed cross-motions for Summary Judgment, the issues are now ripe for review.

III. Legal Analysis

    *A. Standard of Review*

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, a plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. A Claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

*B. The ALJ's Evaluation of Dr. Richard Leib's Opinion*

Plaintiff alleges that the ALJ failed to properly weigh the opinion of Dr. Leib as a treating physician and improperly substituted her own opinions. Pl.'s Br., 4. Defendant argues that the

3

ALJ properly considered Dr. Leib's medical opinion and that he was not a treating source entitled to "great weight." ECF No. 7, 13 & 15.

First, I agree with Defendant that Dr. Leib was not Plaintiff's treating physician. As a rule, ALJs are required to give treating physicians' opinions "great weight" where the opinions are supported by the medical evidence of record because "'their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Plummer v. Apfel*, 186 F.3d 422 (3d Cir. 1999) (citing *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir. 1985)). Dr. Leib is a physician to whom Plaintiff was referred for evaluation of her hepatitis C diagnosis. ECF No. 7, 444. The record reveals that Plaintiff saw Dr. Leib for one consultation on November 11, 2010. *Id.* There is no evidence that Dr. Leib cared for Plaintiff for an extended period of time, and there is no record of any follow-up consults with him.[1] *Id.* Accordingly, Dr. Leib's opinion is not entitled to greater weight under the "treating physician rule."

Further, I find that the ALJ properly evaluated the medical opinion of Dr. Leib. When reviewing the opinion of a medical source, an ALJ should consider: (i) the examining relationship, (ii) the treatment relationship (including the length of the treatment relationship, the frequency of examination, and the nature and extent of the treatment), (iii) the amount and quality of evidence provided in support of the opinion, (iv) consistency, (v) specialization, as well as any other factors highlighted by a claimant. 20 C.F.R. § 404.1527(c), 416.927(c). An ALJ may downgrade the weight given to a medical opinion that presents little or no supporting evidence, particularly with regard to medical signs and laboratory findings. *Id.*; *see also Plummer v. Apfel*, 186 F.3d 422, 428 (3d. Cir. 1999). While an ALJ must consider any medical

---

[1] In fact, Dr. Leib advised against treatment unless it was "absolutely necessary" because he believed that there was only a fifty percent chance that the treatment would be successful, and he found that Plaintiff's depression increased the risk of side effects. ECF No. 7, 444.

evidence submitted by a claimant, opinions given by medical sources that would be dispositive of the case, such as a finding of disability, are reserved for the Commissioner. 20 C.F.R. § 404.1527(d), 416.927(d); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (stating ALJs make the ultimate disability determinations).

Here, I find there is substantial evidence that the ALJ properly considered Dr. Leib's opinion. ECF No. 7, 17. The ALJ gave Dr. Leib's opinion little weight because he found it (i) conclusory with respect to an issue reserved for the Commissioner (whether Plaintiff is disabled) and (ii) unsupported by the medical evidence of record. *Id.* First, because the opinion shows that the ALJ carefully considered evidence of all of Plaintiff's severe impairments,[2] as well as their combined effects, in determining that Plaintiff does not have an impairment or combination of impairments that meet the criteria of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, the ALJ did not have to accept Dr. Leib's opinion that Plaintiff "certainly is disabled at this time, due to her fatigue [from hepatitis C]." ECF No. 7, 13-20; *see also* 20 C.F.R. 404.1520(d) & 404.1525-.1526, 416.920(d) & 416.925-926.

Second, I find there is substantial evidence that Dr. Leib's opinion is not supported by the medical evidence. Although Plaintiff reported to Dr. Leib that she experienced "severe fatigue," at the time of her consult, as the ALJ noted, Plaintiff did not exhibit physical symptoms such as hepatosplenomegaly and her abdomen examination was benign. ECF No. 7, 444; *see* ALJ's Opinion, ECF No. 7, 17. Two months after her initial consult with Dr. Leib, Plaintiff had another consult with Jason Thomas, P.A. of The Westmoreland Digestive Disorders regarding her hepatitis C. ECF No. 7, 482-85. Thomas' physical examination of Plaintiff's abdomen also revealed no debilitating medical evidence. Plaintiff had no hernias and the contour of her

---

[2] The ALJ found that Plaintiff had the following "severe" impairments: sprain/strain of the cervical and thoracic spines, right posterior shoulder girdle, cervical and thoracic myofascial pain, hepatitis C virus, major depressive disorder, and panic disorder with agoraphobia. ECF No. 7, 13.

5

abdomen was non-distended. *Id.* at 484. Palpation/percussion of the abdomen showed no shifting dullness or fluid wave and no organomegaly—it was non-tender and soft. *Id.* Auscultation of the abdomen revealed normal bowel sounds. *Id.* Thus, the ALJ had substantial evidence to downgrade the weight afforded to Dr. Leib's opinion. ECF No. 7, 17. Additionally, I find no support for Plaintiff's contention that the ALJ substituted her own opinions for the medical evidence of record. *Id.* Rather, the opinion shows that the ALJ carefully evaluated the medical evidence presented in making her disability determination. Accordingly, I find no error in the ALJ's consideration of Dr. Leib's opinion.

IV. *Conclusion*

Based on the evidence of the record and the briefs filed in support thereof, I find that substantial evidence exists to support the ALJ's conclusion that Plaintiff is not disabled within the meaning of the Social Security Act. As a result, I DENY Plaintiff's motion for Summary Judgment, and I GRANT Defendant's motion for Summary Judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAQUEL HIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-32 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of ) | |
| Social Security ) | |
| ) | |
| Defendant. ) | |

AMBROSE, U.S. Senior District Judge

ORDER OF COURT

AND NOW, this 14th day of February, 2013, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. [9]) is DENIED and Defendant's Motion for Summary Judgment (Docket No. [11]) is GRANTED. In accordance with 42 U.S.C. § 405(g), the administrative decision of the Commissioner of Social Security is hereby AFFIRMED.

BY THE COURT:


/s/ Donetta W. Ambrose____
Donetta W. Ambrose
U.S. Senior District Judges